UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME E. BIVENS,
    Petitioner,

vs.                                      Case No.:  4:24cv185/MW/ZCB

M. SZCZECINA, SUPT.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jerome Bivens is serving a state sentence in the Florida Department of Corrections (FDOC). He has filed a petition for writ of habeas corpus. (Doc. 1). The Court directed Petitioner to file an amended petition on the Court-approved form as required by the Court's Local Rule 5.7(A). (Doc. 3). The Court also directed him to either pay the filing fee or file a motion to proceed *in forma pauperis* (IFP). (*Id.*). Petitioner has now filed an amended petition and a motion to proceed IFP. (Docs. 4, 5).

For the reasons below, the amended petition should be dismissed because it plainly appears that Petitioner is not entitled to habeas relief. *See* Rules Governing § 2254 Cases, Rule 4 (requiring the court to

preliminarily review a habeas petition and to dismiss the petition if it plainly appears that the petitioner is not entitled to relief).

## I. Background

Petitioner alleges he filed a mandamus action in the Santa Rosa Circuit Court, Case No. 1998-CA-1023, challenging the FDOC's withholding of gain time. (Doc. 4 at 1-2). He was unsuccessful in the mandamus action, so he sought review in the Florida First District Court of Appeal (First DCA), Case No. 1D98-3243. (*Id.* at 3). Both state courts assessed a filing fee and imposed a lien on Petitioner's inmate account until the fees were paid in full. (*Id.* at 9).

Petitioner later requested a refund of those fees from both state courts. (*Id.* at 4-5, 9-10). His efforts were unsuccessful, so he sought mandamus relief in the Supreme Court of Florida. (*Id.* at 6-7, 11). That court dismissed his petition. *Bivens v. Szczecina*, No. SC2024-0527 2024 WL 1555748, at *1 (Fla. Apr. 10, 2024).

Petitioner then turned his efforts to federal court by filing a petition for writ of habeas corpus. (Doc. 1). Petitioner's amended petition claims that the Santa Rosa County Circuit Court and the First DCA assessed

2

the filings fees and imposed liens on his inmate account in violation of state law. (Doc. 4 at 9, 22). Petitioner is seeking a refund of the filing fees in the total amount of $570.00. (*Id.* at 19).

## II. Discussion

### A. Petitioner cannot seek money damages in a habeas corpus action.

A federal court may issue a writ of habeas corpus directing the immediate or early release of a state prisoner if he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3), § 2254(a). "The sole function of the writ [of habeas corpus] is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose." *Hill v. Johnson*, 539 F.2d 439, 440 (5th Cir. 1976).[1] Thus, a writ of habeas corpus may not be used to pursue a claim for money damages. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

---

[1] The Eleventh Circuit adopted as binding precedent all published Fifth Circuit decisions before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

Here, Petitioner seeks only money damages. More specifically, he seeks a refund of the $570.00 he paid in filing fees. And as the Supreme Court has made clear, "[i]n the case of a damages claim, habeas corpus is not an appropriate or available remedy." *Preiser*, 411 U.S. at 494. For that reason, Petitioner's habeas petition should be summarily dismissed because it "plainly appears" that he is not entitled to relief. Rules Governing § 2254 Cases, Rule 4

**B.     Petitioner has not otherwise stated a jurisdictional basis for federal court review of the state court collection of filing fees.**

Having determined that habeas relief is not available, the Court considers whether Petitioner has stated any other jurisdictional basis for the Court to review his claim. *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a court has an obligation to "look beyond the label of a *pro se* inmate's [pleading] to determine if it is cognizable under a different statutory framework" and, if so, recharacterize the filing based on the substance of the filing and the relief sought).

As relevant here, federal district courts have jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have jurisdiction over civil actions between residents of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This is known as diversity jurisdiction.

Here, Petitioner does not allege that the state courts violated any federal law by assessing and collecting the filing fees.[2] So, he has not stated a basis for federal question jurisdiction. Additionally, Petitioner has not satisfied the diversity of citizenship requirement or the monetary

---

[2] Petitioner would not have been able to pursue a damages claim under 42 U.S.C. § 1983 against the state court clerks of court who collected the filing fees. State clerks of court are arms of the State of Florida. *Courthouse News Serv. v. Forman*, 601 F. Supp. 3d 1236, 1242 (N.D. Fla. 2022). Thus, any action to recover damages against the state clerks of court in their official capacities would be barred by the Eleventh Amendment doctrine of sovereign immunity. *See Jallali v. Florida*, 404 F. App'x 455, 456 (11th Cir. 2010) (holding that sovereign immunity barred a damages claim against a Florida district court of appeal); *see also Cox v. Robinson*, No. 23-11201, 2023 WL 8948406, at *2 (11th Cir. Dec. 28, 2023) (affirming dismissal of damages action against state clerk of court because the action was barred by sovereign immunity). And Petitioner has not sought prospective equitable relief, so *Ex Parte Young*, 209 U.S. 123 (1908) would not apply.

threshold for diversity jurisdiction. For that reason, liberally construing Petitioner's pleading outside the habeas context does not save this matter from dismissal.

### III. Conclusion

For the reasons above, Petitioner's amended petition for a writ of habeas corpus (Doc. 4) should be dismissed.[3]

### IV. Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must

---

[3] A district court may dismiss an action on its own motion as long as the procedure employed is fair. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). To employ a fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008).

still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The amended petition for a writ of habeas corpus (Doc. 4) be **DISMISSED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.